IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WESLEY APARTMENT HOMES, INC. :
d/b/a WESLEY PROVINCE APTS., :
                                                :
    Plaintiff, :
                                                :
v. :    Civil Action No.
                                                :    1:10-CV-3005-TWT-LTW
LACHANDRA ANDREWS and ALL :
OTHERS, :
                                                :
    Defendants. :

## MAGISTRATE JUDGE'S FINAL ORDER AND REPORT AND RECOMMENDATION

The above-styled case is before the undersigned on *pro se* Defendant Lachandra Andrews' request to file this civil action *in forma pauperis*, without prepayment of fees and costs or security therefor (Docket Entry 1), pursuant to 28 U.S.C. § 1915(a)(1), and Plaintiff's Emergency Motion for Remand (Docket Entry 2). The Affidavit of Poverty indicates that Defendant Andrews is unable to pay the filing fee or incur the costs of these proceedings. Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied, and Defendant Andrews' motion to proceed *in forma pauperis* is **GRANTED**. Docket Entry [1]. For the reasons outlined below, however, this Court **RECOMMENDS** that Plaintiff's Emergency Motion to Remand be **GRANTED IN PART**. Docket Entry [2].

## PROCEDURAL BACKGROUND FACTS

On or about July 19, 2010, pursuant to Georgia law, Wesley Apartment Homes,

Inc. d/b/a Wesley Providence Apartments ("Wesley") filed a dispossessory proceeding in the Magistrate Court of DeKalb County in an attempt to evict Defendants Lachandra Andrews and all other occupants. Docket Entry [1-1]. On August 12, 2010, the Magistrate Court of DeKalb County issued a Writ of Possession as well as a judgment for the amount of Defendant's rent and court costs. (Pl. Ex. 3, Docket Entry [2-3]). Defendant Lachandra Andrews ("Andrews") removed the matter to this Court on September 20, 2010. Docket Entry [1]. In her petition, Andrews does not explain her basis for removal jurisdiction, but indicates that she filed a Chapter 13 bankruptcy action in the United States Bankruptcy Court for the Northern District of Georgia and that Wesley's dispossessory action violated the Due Process Clause of the Fourteenth Amendment. Wesley filed the instant Motion for Remand on the grounds that the Court does not have subject matter jurisdiction over its Complaint because its Complaint did not raise a federal question. In addition, Wesley argues that the Court should abstain from interfering in the state court dispossessory proceeding. Andrews has not filed a response in opposition to the Emergency Motion to Remand.

## LEGAL ANALYSIS

Title twenty-eight, section 1441(a) of the United States Code provides that a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final

2

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (citation omitted). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

In Andrews' petition for removal, she does not identify the basis for federal jurisdiction, and this Court has not identified any basis supporting federal jurisdiction. Docket Entry [1-1]. To the extent that Andrews may argue that Wesley's dispossessory action violates the Due Process Clause of the Fourteenth Amendment, a federal cause of action within a counterclaim or a federal defense is not a basis for removal jurisdiction. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted). Potential defenses and counterclaims involving the Constitution or laws of the United States are ignored. Vaden v. Discover Bank, --- U.S. ----, ----, 129 S.Ct. 1262, 1272 (2009); Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).

In the present case, Wesley relied exclusively on state law when it filed a

3

dispossessory proceeding in the Magistrate Court of DeKalb County. Docket Entry [1-1], p. 4. No federal question is presented on the face of Wesley's complaint. There is also no evidence which warrants the application of an exception to the well-pleaded complaint rule such as the doctrine of complete preemption. Caterpillar, 482 U.S. at 393. Jurisdiction over the initiation and trial of a dispossessory action filed in Georgia is entirely in the state court system. GA CODE ANN. §§ 44-7-50, et seq.

Additionally, even if the parties were diverse, removal would not be proper because Wesley's Complaint does not satisfy the amount in controversy. Wesley's claim is nothing more than a request for possession of real property belonging to Wesley and a prayer for a small amount of rent and costs well below the $75,000 threshold. A claim seeking ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy. CitiMortgage, Inc. v. Shinoja, No. 1:10-cv-816-TCB, 2010 WL 1485674, at *3 (N.D. Ga. Apr. 13, 2010); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-CV-2864-RWS, 1:07-CV-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 9, 2008); Novastar Mortg. Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001), aff'd 35 F. App'x 858 (11th Cir. 2002). Furthermore, removal pursuant to 28 U.S.C. § 1452, which allows for removal of civil proceedings relating to bankruptcy cases, is not warranted because Andrews' bankruptcy petition has already been dismissed and is no longer pending. In re LaChandra Andrews, No. 10-84963-jb, Docket Entry [10] (N.D. Ga. Sep. 16, 2010) (providing that the case is dismissed and that the automatic stay of collections and other actions against

4

the debtor and her property is annulled; <u>see also</u> 28 U.S.C. § 1334(b)-(d) (providing that the district courts shall have original, but nonexclusive jurisdiction of all civil proceedings arising under or relating to the Bankruptcy Code). For these reasons, this Court finds that federal jurisdiction does not exist.

Accordingly, Plaintiff's Emergency Motion to Remand should be **GRANTED** and it is **RECOMMENDED** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of DeKalb County. Docket Entry [2]. Plaintiff's request for $893.00 in attorneys' fees should be **DENIED**.

## CONCLUSION

For the forgoing reasons, Defendant's motion to proceed *in forma pauperis* is **GRANTED**. Docket Entry [1]. Additionally, this Court **RECOMMENDS** that Plaintiff's Emergency Motion to Remand be **GRANTED IN PART**. Docket Entry [2].

**IT IS SO ORDERED AND REPORTED AND RECOMMENDED**, this 7th day of December, 2010.

                                       s/Linda T. Walker
                                       LINDA T. WALKER
                                       UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WESLEY APARTMENT HOMES, INC.
d/b/a WESLEY PROVINCE APTS.,

    Plaintiff,

v.

LACHANDRA ANDREWS and ALL
OTHERS,

    Defendants.

Civil Action No.
1:10-CV-3005-TWT-LTW

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

Attached is the report and recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636 and this Court's Local Rule 72.1C. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation **within fourteen (14) days of the receipt of this Order**. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir.

1983), cert. denied 464 U.S. 1050, 104 S.Ct. 729, 79 L.Ed.2d 189 (1984).

The Clerk is directed to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**SO ORDERED**, this ___7th___ day of December, 2010.

                                                  s/Linda T. Walker
                                                  LINDA T. WALKER
                                                  UNITED STATES MAGISTRATE JUDGE